UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAOUZI ABDUL-MENHEM JABER,

                           Plaintiff,

        -against-

CHRISTINA HANLEY; ANDREA LEE
SURRATT; COLLEEN MCMAHON;
SABRINA P. SHROFF; ALEXI MARC
SCHACHT; GEORGE TURNER,

                           Defendants.

20-CV-7347 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this *pro se* action, asserting claims against individuals involved in his arrest, extradition, and the criminal proceedings leading to his conviction in *United States v. Jaber*, ECF 1:13-CR-0485, 54 (S.D.N.Y. Feb. 1, 2018). Plaintiff filed an amended complaint on September 29, 2020 (ECF 2), which the Court treats as the operative complaint. On November 10, 2020, the Court received Plaintiff's payment of the filing fees for this action. Plaintiff moves for the Court to request *pro bono* counsel. For the reasons set forth below, the Court dismisses Plaintiff's amended complaint, with leave to replead within 30 days.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Faouzi Jaber makes the following allegations. He is a native of the Ivory Coast and was a wealthy and successful businessman living or doing business in Europe. (ECF 2 at 14, 16.) In 2014, Plaintiff was arrested in Europe in a sting operation based on "false pretenses" and using "false affidavits." (*Id.* at 15.) At some point, Plaintiff was in Prague, in the Czech Republic, and U.S. Attorney Andrea Surrat sent information to the Department of Justice in Prague falsely stating that Plaintiff was supporting "an alleged terrorist organization (FARC)" (*id.* at 17), that is, the Revolutionary Armed Forces of Columbia.

Plaintiff argues that he was entrapped: Even though DEA agents had "brokered to [Plaintiff] the idea of terrorist business," DEA Agent Christina Hanley lied, stating in an affidavit that DEA agents did not approach Plaintiff first with the idea. (*Id.* at 17.) Eventually, after the "High Court of Prague, Czech Republic, gave in to the U.S. DOJ['s] lies in its doctored . . . false affidavits" (*Id.* at 18), Plaintiff was extradited to the United States.

During grand jury proceedings in the United States, Defendants hid evidence, including translations of phone conversations that were in Arabic. (*Id.* at 15.) Moreover, Assistant U.S. Attorney George Turner, and Plaintiff's defense attorneys (Sabrina Shroff and Alexie Schacht) conspired to coerce Plaintiff into testifying falsely in the criminal proceedings that he "had knowledge of FARC org." (*Id.* at 19.) Defendants "urge[d] and threaten[ed him] to take the guilty plea," and Chief Judge McMahon was "very vindictive in sentencing" him. (*Id.* at 20.)

According to public records, Plaintiff pleaded guilty in *United States v. Jaber*, ECF 1:13-CR-0485 (CM) (S.D.N.Y. Feb. 2, 2018), to conspiring to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B, and was sentenced

to 15 years' imprisonment.[1] As a result of the DEA's "sting operation," Plaintiff's inventory of jewelry, industrial and construction materials, and foodstuffs were taken (*id.* at 16), though it is unclear how or who was responsible for this.

Plaintiff brings this civil rights action, asserting claims against Chief Judge Colleen McMahon, who presided over his criminal proceedings; U.S. Attorneys Andrea Surratt and George Turner, who prosecuted the case; Assistant Federal Defender Sabrina Shroff and attorney Alexie Marc Schacht, who acted as Plaintiff's defense counsel; and Christina Hanley, an agent of the U.S. Drug Enforcement Agent (DEA), who was involved with Plaintiff's extradition to the United States. Plaintiff seeks damages, and asks that the Court deny Defendants legal representation at taxpayer expense and "enjoin" Defendants from receiving immunity.

## DISCUSSION

Plaintiff styles his complaint as a civil rights action under 42 U.S.C. § 1983. Because Plaintiff alleges that employees of the federal government – not state government – violated his constitutional rights, the Court construes Plaintiff's claims as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

---

[1] Jaber's § 2255 motion challenging that conviction was denied on the merits, *Jaber v. United States*, ECF1:18-CV-12047, 5 (CM) (S.D.N.Y. June 4, 2019), and he recently filed an application styled as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, which was transferred to the Second Circuit for him to seek authorization to pursue the application as a successive § 2255 motion, *Jaber v. United States*, ECF 1:20-CV-8123, 3 (S.D.N.Y. Oct. 8, 2020).

To state a claim for relief under *Bivens*, a plaintiff must allege facts plausibly showing that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived Plaintiff of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). The Court considers below whether Plaintiff states a claim against the individual federal officials named as defendants in this action.

**A.      Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff alleges that Chief Judge McMahon denied his motions, "urged and threatened" him to plead guilty, and was "vindictive" in sentencing him in *Jaber*, ECF 1:13-CR-0485 (CM). Because Plaintiff sues Chief Judge McMahon for "acts arising out of, or related to, [an] individual cas[e] before the judge," she is immune from suit for such claims. Plaintiff's claims

against Chief Judge McMahon are therefore dismissed under the doctrine of judicial immunity.
*See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.      Prosecutorial Immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are "intimately associated with the judicial phase of the criminal process," rather than investigative in nature. *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff sues Assistant U.S. Attorneys Andrea Surratt and George Taylor for conduct related to Plaintiff's criminal proceedings. Plaintiff contends that Defendant Andrea Surratt submitted false information and affidavits to a court in the Czech Republic in support of Plaintiff's extradition and to a grand jury in the United States. (ECF 2 at 10, 15, 17.) Plaintiff further allege that Defendant Surratt urged and threatened him to plead guilty. (*Id.* at 19.) Plaintiff sues Defendant Turner for, among other things, conspiring with defense counsel to require Plaintiff to plead guilty. (*Id.*) Plaintiff's claims against Defendants Surratt and Turner are based on actions within the scope of their official duties as prosecutors and associated with the conduct of a trial, and they are therefore immune from suit for such claims. Accordingly, Plaintiff's claims against the prosecutors are dismissed because he seeks monetary relief against defendants who are immune from suit and the claims are frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against

prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

## C.     Defense Counsel

A claim for relief under *Bivens* must allege facts showing that each defendant acted under the color of federal law. *Thomas*, 470 F.3d at 496.  Private attorney Alexie Marc Schacht and Assistant Federal Defender Sabrina Shroff represented Plaintiff in his criminal proceedings. Plaintiff alleges that defense counsel Schacht threatened to abandon him during the criminal proceedings, and denied Plaintiff the right to speak directly to Chief Judge Colleen McMahon, who was presiding over the case. (ECF 2 at 13.) Plaintiff further asserts that Defendant Shroff manipulated him into pleading guilty and conspired against him.

Defendants Schacht and Shroff are private parties who cannot, for purposes of *Bivens* claims for damages, be deemed government actors when acting as his defense counsel. *See Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981) (public defenders do not act "under color of state law" in performing their functions as counsel to indigent defendants); *Olmeda v. Babbits*, No. 07-CV-2140 (NRB), 2008 WL 282122, at *7 (S.D.N.Y. Jan. 28, 2008) (holding that federal defender cannot be sued under § 1983 or *Bivens*). Plaintiff therefore cannot state a *Bivens* claim for damages against these defendants.

## D.     Claims Necessarily Inconsistent with Conviction

The U.S. Supreme Court has explained that a prisoner cannot pursue civil rights claims that would necessarily be inconsistent with a conviction:

> [A] prisoner's [civil rights] action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Therefore, "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff alleges that DEA Agent Hanley lied in affidavits, denying that DEA agents had approached Plaintiff about "the idea of terrorist business." (*Id.* at 17). Success on Plaintiff's claim that Defendant Hanley falsely denied that he was entrapped would be necessarily inconsistent with his conviction. Moreover, Plaintiff's claims against the prosecutor, his defense counsel, and the district judge presiding over his criminal proceedings also seek to impugn his conviction. Plaintiff therefore cannot pursue such claims unless his conviction or sentence has been overturned. *Heck*, 512 U.S. at 486-87. The Court therefore dismisses Plaintiff's claims against Defendant Hanley for failure to state a claim on which relief can be granted.

E.    **Leave to Amend**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 577 U.S. 39, 44-45 (2015) (holding

that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Plaintiff has already amended his complaint once as of right, as he is permitted to do. *See* Fed. R. Civ. P. 15. It would be futile for the Court to grant Plaintiff leave to amend his complaint further to replead his claims against the federal district judge, prosecutors, or defense counsel from his federal criminal proceedings. The Court, therefore, denies Plaintiff leave to replead his claims against Defendants McMahon, Shroff, Schacht, Turner, and Surratt.

It is not entirely clear, however, that Plaintiff cannot state a claim against DEA Agent Hanley that would be consistent with his conviction. For example, Plaintiff makes some allegations regarding his arrest and business inventory, and it is unclear if he is asserting a claim arising under the Fourth Amendment, which might not be inconsistent with his conviction. *See, e.g., Heck*, 512 U.S. at 487, n.7 ("[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction," because "such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful."); *Hayes v. Perotta*, 751 F. Supp. 2d 597, 604 (S.D.N.Y. 2010) ("*Heck* did not hold that a conviction immunizes law enforcement officials for all conduct they undertook in support of that prosecution."). The Court therefore dismisses this action for the reasons set forth herein, but grants Plaintiff leave to submit a second amended complaint within 30 days, if he can state a claim against Defendant Hanley that is not necessarily inconsistent with his conviction.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the second amended complaint. To the greatest extent possible, Plaintiff's second amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's second amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's second amended complaint will completely replace, not supplement, the amended complaint, any facts or claims that Plaintiff wishes to maintain must be included in the second amended complaint. Plaintiff should not, however, replead his claims against Defendants McMahon, Shroff, Schacht, Turner, and Surratt, as it would be futile to do so.

## F.     Application for the Court to Request Pro Bono Counsel

Plaintiff asks the Court to request *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which

command[s] the most attention." *Cooper*, 877 F.2d at 172. Because Plaintiff sues several

Defendants who are immune from suit and fails to state a claim against the remaining

Defendants in his amended complaint, the Court denies Plaintiff's motion for counsel without

prejudice to renewal after he files a second amended complaint, if he chooses to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket. The Court denies Plaintiff's request for *pro bono* counsel, without prejudice to

Plaintiff's renewing his application. For the reasons set forth herein, Plaintiff's amended

complaint is dismissed with 30 days' leave to replead. A Second Amended Complaint form is

attached to this order. If Plaintiff fails to file a second amended complaint within 30 days, the

Court will enter judgment consistent with this order.

SO ORDERED.

Dated:   December 2, 2020
         New York, New York

                                        *Louis L. Stanton*
                                        Louis L. Stanton
                                        U.S.D.J.

10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.      LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.      PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                  Zip Code

## III.      PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                Zip Code

Defendant 2:

First Name                Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                Zip Code

Defendant 3:

First Name                Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                Zip Code

Defendant 4:

First Name                Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State                Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| _____ | _____ |
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing:   _____